INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Corporation, Defendant.

Civ. A. No. 1171.

United States District Court
W. D. Virginia,
Roanoke Division.
April 23, 1964.

Fred B. Gentry, Gentry, Locke & Rakes, Roanoke, Va., for plaintiff.

A. Linwood Holton, Jr., Eggleston, Holton, Butler & Glenn, Roanoke, Va., for defendant.

MICHIE, District Judge.

Prior to and throughout the time of the events pertinent to this case Lone Star Cement Corporation, hereinafter called the "Owner", held a policy of liability insurance with Indemnity Insurance Company of North America, here-

inafter called the "Owner's Insurer", which obligated the Owner's Insurer to defend certain actions brought against the Owner based on alleged negligence of the Owner in the operations of its plant in Botetourt County, Virginia, and pay any judgment rendered therein against the Owner. In 1955 the Owner entered into a contract with Tidewater Construction Company, hereinafter called the "Contractor", for the construction of certain improvements at the Owner's plant. Included in that contract was the following provision:

"7. In order to protect the Contractor and the Owner on account of any and all claims, damages, loss, litigation, expenses, counsel fees and compensation arising out of injuries (including death) sustained by, or alleged to have been sustained by, the servants, employees, or agents of the Owner or the Contractor, its subcontractors, or materialmen and from injuries (including death) sustained by, or alleged to have been sustained by the public, servants, employees, agents of the public, any or all persons on or near the work, or by any other person or property, real or personal, caused in whole or in part by the acts or omissions of the Contractor, any subcontractor, materialman, or anyone directly or indirectly employed by them or any of them while engaged in the performance of this agreement, the Contractor shall at all times maintain such public liability, property damage, contractor's contingent liability insurance and workmen's compensation and employer's liability insurance as will protect the Contractor and the Owner from any and all of the foregoing risks and from any and all claims under such workmen's compensation laws. Contractor shall file certified copies of all policies of insurance with the Owner before commencing the work. The amount of the insurance to be provided by the Contractor as provided in this agreement, together with the form of the policies and the companies in which the same are issued, shall be subject to the approval of the Owner and shall have insurance limits not less than the following:

| | Per Person | Per Accident |
|---|---|---|
| (Workmen's Compensation | $ | Unlimited |
| (Employer's Liability | $100,000./$300,000. | |
| (Occupational Disease | $100,000./$300,000. | |

Comprehensive General Liability

| | | |
|---|---|---|
| Cont'r's Public Liab. | Bodily Injury | $100,000./$300,000. |
| Cont'r's Public Liab. | Property Dam. | $50,000./$100,000. |
| Cont'r's Protective Liab. | (Sublet) Bodily Inj. | $100,000./$300,000. |
| Cont'r's Protective Liab. | (Sublet) Prop. Dam. | $50,000./$100,000. |
| Auto Liab. including owned, non-owned and hired cars and trucks | Bodily Injury | $100,000./$300,000. |
| | Property Dam. | $50,000./$100,000." |

Pursuant to this provision, which I shall refer to hereafter as Clause 7, the Contractor took out a policy of insurance with the defendant, Liberty Mutual Insurance Company, the relevant details of which will be discussed later. Al-

though there is no evidence before me on this point, the policy taken out by the Contractor was presumably satisfactory to the Owner since by the terms of Clause 7 " * * * the form of the policies and the companies in which the same are issued * * * shall be subject to the approval of the Owner. * * * " And the Owner has raised no objection up to this point regarding the sufficiency of the policy.

On or about January 9, 1957 one George L. Boyd, an employee of the Contractor, was accidentally killed while working on the construction work. The Contractor's Insurer paid to his estate certain payments required to be paid under the Virginia Workmen's Compensation Act and, under that Act, became legally subrogated to assert a cause of action against anyone whose negligence might have caused Boyd's death. However, a suit was instituted by Boyd's Administrator against the Owner, alleging that Boyd's death was caused by the negligence of the Owner, and judgment was recovered for $25,000, the maximum allowed at that time under Virginia's Wrongful Death Statute, Va.Code Ann. § 8–633 et seq. This judgment was paid by the Owner's Insurer, in part to the Contractor's Insurer to reimburse it for the Workmen's Compensation payments made by it and the balance to Boyd's Administrator.

The Owner's Insurer then brought this suit against the Contractor's Insurer claiming that the death of Boyd was caused, at least in part, by the negligence of the Contractor and its employees and that the Owner's Insurer, having paid the deceased employee's administrator, is entitled to be subrogated to the Owner's right to be indemnified under the Contractor's insurance taken out to protect the Owner pursuant to the contract as above stated.

At this point it should be noted that on or about March 5, 1957, some two months after Boyd's accident, Liberty Mutual, the Contractor's Insurer, filed a "Certificate of Insurance" with the Owner in which Liberty asserted that the Contractor was insured under a Workmen's Compensation policy and a Comprehensive General Liability policy which included an "Independent Contractors Contractual" endorsement. On the reverse side of this "Certificate of Insurance" was copied a large portion of Clause 7 (ending with the phrase " * * * under such workmen's compensation laws"), and beneath this quote appears the signature of Pauline P. Hodge on behalf of Liberty Mutual Insurance Company.

Liberty Mutual has filed a Motion to Dismiss and Answer in this action in which several arguments are presented which allegedly would justify dismissal of the case. The first asserted ground for dismissing the action reads as follows:

"1. The plaintiff is not permitted to name the defendant, an insurance company, as a defendant in this action on account of the issuance by the defendant to Tidewater Construction Corporation of a policy or contract of liability insurance, the proper defendant being Tidewater Construction Corporation."

I find that this is a sound reason for dismissing the action against Liberty Mutual for the following reasons: Clause 7 of the contract between the Owner and the Contractor recites that "In order to protect the Contractor and the Owner on account of claims * * * arising out of injuries * * * caused in whole or in part by * * * the Contractor, * * * the Contractor shall at all times maintain such public liability insurance as will protect the Contractor and the Owner from * * * the foregoing risks." This clause might be construed as merely requiring the Contractor to take out a liability insurance policy "to protect the Contractor and the Owner". Compliance with such a construction would require both the Contractor and the Owner to be insureds under the policy with the Owner's liability coverage being contingent on the Contractor's concurrent negligence. It is clear from reading Liberty's policy that this ap-

proach was not taken since the Owner is not an insured under that policy.

Another way to construe the contractual obligation undertaken by the Contractor pursuant to Clause 7, and a more reasonable one in light of the actual policy which the Contractor took out and which the Owner accepted, is that the Contractor agreed to protect or to indemnify the Owner against losses caused in whole *or in part* by the Contractor's negligence, and in order to guarantee that such indemnification could be accomplished the Contractor would take out a liability policy covering such losses. From examining the Contractor's insurance policy, it is clear that it covers the Contractor's tort liability in the conventional manner, thus taking care of the "caused in whole" promise, and that in an endorsement entitled Contractual Liability Coverage Endorsement it promises to *"pay* on behalf of the insured *all sums which the insured,* by reason of the liability assumed by him under any written contract designated in the schedule below [only Owner's contract designated], *shall become legally obligated to pay as damages* because of bodily injury * * *"*, (emphasis added) thus taking care of the "caused * * * in part" promise. From the language of the policy it is clear that the liability of Liberty Mutual to pay the Owner or its subrogee Indemnity under this endorsement is predicated upon a legal obligation on the part of the Contractor Tidewater to make such a payment.

This conclusion is bolstered by Condition Number 11 found in the main part of the policy and expressly made applicable to the Contractual Liability Coverage Endorsement.[1] This Condition is

entitled Action Against Company and reads as follows:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

\* \* \* \* \* "

From the foregoing it appears that this suit has been brought against the wrong party. Since the Contractor has never been involved in any way in the tort action against the Owner and since no suit has been brought against the Contractor based on the contract between the Owner and the Contractor, the conditions of Liberty's policy have not been met and this suit must be dismissed.

Having concluded that Liberty's first ground of dismissal has merit, it is of course unnecessary to discuss the remaining grounds.

An order will be entered dismissing the action.

1. The Contractual Liability Coverage Endorsement contains the following statement:

"1.  *Policy Conditions.* All of the Conditions of the policy which would apply to the bodily injury liability or property damage liability coverages thereof shall apply to the insurance under this endorsement except those respecting 'Premium', 'Definition', 'Limits of Liability' and 'Assistance and Cooperation of the Insured'."